**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHIBUEZE C. ANAEME,<br><br>                        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                        Defendants. | Case No. 2:11-cv-01573-JCM-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

Plaintiff Chibueze C. Anaeme is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint. This proceeding was referred to this court by Local Rule IB 1-9.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

**A.    Factual Allegations.**

Plaintiff's Complaint is exceptionally difficult to follow and is, at times, incoherent.  He names 197 individual Defendants, who he groups into different "clusters"–the Nevada Pharmacy Board cluster, Nevada Attorney General cluster, San Diego County cluster, City Attorney cluster, San Diego Police cluster, Port Police cluster, Sheriff cluster, Highway Patrol cluster, Forensic Services cluster, Transit Fort cluster, Broadway cluster, Veolia cluster, Public Defender Assigned Counsel cluster, Public Defender Assigned Counsel cluster personnel, City Attorney cluster personnel, Sheriff cluster personnel, Forensic Services cluster personnel, San Diego Police cluster personnel, Port Police cluster personnel, Highway Patrol cluster personnel, Transit Fort services personnel, and Veolia cluster personnel.

Plaintiff states that he is a registered pharmacist in Georgia and New Mexico and is qualified to work as a pharmacist in Nevada.  He asserts that he submitted his completed application to transfer his pharmaceutical license by reciprocity, as well as supporting documentation, to the Nevada Pharmacy Board and the Nevada Attorney General.  His application was timely submitted.  The Nevada Pharmacy Board cluster, Nevada Pharmacy Board cluster personnel, the Nevada Attorney General cluster, and the

Nevada Attorney General cluster personnel wrongfully denied Plaintiff reciprocation of his pharmacist's license. Plaintiff asserts that denial of a pharmacist's license is a tort within the meaning of the Federal Tort Claims Act.

He also alleges that from February 2009 to the present, he has been "intentional[ly], repeatedly, maliciously, and prejudicously [sic] victimized as in assault, battery, intimidation, humiliation, harassment, attempted murder, false arrest, false imprisonment, torture, malicious falsehood, malicious prosecution, conversion of legal documents, investigatory and other property and objects of evidence" by the Broadway cluster personnel, Public Defender Assigned Counsel cluster, Public Defender Assigned Counsel cluster personnel, San Diego Police cluster, San Diego Police cluster personnel, Port Police cluster, Port Police cluster personnel, Sheriff cluster, Highway Patrol cluster, Forensic Services cluster, Transit Fort cluster, Veolia cluster, Highway Patrol cluster personnel, Forensic Services cluster personnel, Transit Fort services personnel, and Veolia cluster personnel. As a result, he "remains wrongfully denied of his fundamental rights to property, freedom, privacy, privileges and due process of law." Complaint at ¶30.

Plaintiff contends other various clusters knew of these "tortuous acts" and did nothing to eradicate the practices and condoned the practices within the meaning of the FTCA. He attempts to state claims in negligence, conspiracy, and disparate treatment. He alleges that other groups of Defendants engaged in "malicious acts" that deprived Plaintiff of his property, including legal documents, investigatory diaries, notes, paper, objects, or articles of evidence related to his pharmacist licensure application to the states of Nevada, Georgia, New Mexico, and other states. He seeks an award of backpay with prejudgment interest, compensation for past and future pecuniary losses, compensation for non-pecuniary loses, and legal fees and costs.

**B.     Law & Analysis.**

Plaintiff has sued a variety of Defendants under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 for improperly denying his application for a pharmaceutical license in the state of Nevada. A claim under the FTCA is a tort claim brought against the federal government. Plaintiff may not use the FTCA to sue employees of the state government or other individuals. His FTCA claims against any Defendant except the United States of America will therefore be dismissed for this reason.

1    With respect to his claim against the United States, in order to prove a FTCA violation, Plaintiff
2 must make a claim for money damages:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Plaintiff has not made any factual allegations at all against the United States to show that the federal government, acting through its employees, engaged in tortious conduct. Additionally, before suing the government under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). Plaintiff has not alleged that he presented his claim to any federal agency, and for both these reasons, his FTCA claim against the United States will be dismissed.

Moreover, Nevada Revised Statute ("NRS") chapter 639 governs all matters concerning pharmacists and pharmacies. Plaintiff is correct that the NRS allows for the registration of pharmacists by reciprocity, provided certain requirements are met. *See* NRS 639.134. NRS 639.210, which was amended by the Nevada legislature in June 2011, lists the various reasons for which the Nevada Pharmacy Board may deny a person's application to for a pharmaceutical license in this state. *See generally* NRS 639.210 *as amended by* 2011 Nevada Laws Ch. 187 (S.B. 58). When an applicant's petition for a Nevada pharmaceutical license is denied, NRS 639.139 provides the manner by which an applicant may seek reconsideration–namely, by petitioning the Nevada Pharmacy Board for reconsideration of the denial within thirty days of receipt of the notice of denial.

Plaintiff may be attempting to state a claim for violation of his Fourteenth Amendment due process rights based denial of his pharmaceutical license by the Nevada Pharmacy Board. A procedural due process claim requires proof of two elements: (a) a protected liberty or property interest; and (b) a denial adequate procedural protections. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (*citing Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998)). Property interests are not created by the Constitution. Instead, they are created "by existing rules or understandings that stem from an independent source such as state law--rules or understandings that

secure certain benefits and that support claims of entitlement to those benefits." *Id.* (*citing Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972)).  To have a property interest in a government benefit, such as the issuance of a license, "a person must have more than an abstract need or desire for it. . . . He must, instead, have a legitimate claim of entitlement to it." *Id.*   Simply having been given a governmental benefit in the past, without more, does not rise to the level of a legitimate claim of entitlement. *Id.* (*citing Doran v. Houle,* 721 F.2d 1182, 1186 (9th Cir. 1983)).

The Supreme Court has found that a state-issued license that can only be revoked "for cause" creates a property interest. *Id.* (*citing Barry v. Barchi,* 443 U.S. 55, 64 (1979)).  On the other hand, a statute that grants a reviewing body unfettered discretion to approve or deny an application does not create a property interest. *Id.* (*citing Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980)).  In other words, if the statute directs that a license must be approved or denied based upon certain criteria, none of which involves the exercise of discretion by the reviewing body, the licensee has a property right in the issuance of the license. *Id.* at 1165 (*citing Stauch v. City of Columbia Heights,* 212 F.3d 425, 430 (8th Cir. 2000)).  Here, Plaintiff asserts, in a conclusory fashion, that his license was wrongfully denied.  He has not alleged facts to support a claim that the Nevada Pharmacy Board denied his license for an improper purpose or without proper process such that his Fourteenth Amendment rights were violated.

Finally, as set forth above, Plaintiff's Complaint names nearly two hundred Defendants.  Plaintiff has grouped these Defendants into so-called "clusters," and he asserts his claims against the various clusters.  This is insufficient.  As a general matter, Plaintiff must specifically describe the facts that lead to a claim for each individual defendant.  He may not make general allegations against large groups.  The court will not enumerate the particulars of each group Plaintiff names but offers a few illustrations by way of example.  First, Plaintiff has named twenty-six individuals who are employed by various transit groups, including the chief financial officer of Veolia Transportation and several bus drivers.  However, he has not stated exactly what these Defendants have individually done to him that states a  claim arising out of denial of a state pharmacist licence, or for that matter, any other claim for which this court can grant relief against these Defendants in federal court.  Likewise, Plaintiff has named seventeen employees of the San Diego City Attorney's Office, but he has not stated any facts against these particular Defendants that state a federal claim upon which relief can be granted.

For all of the foregoing reasons, Plaintiff's Complaint is dismissed, with leave to amend. If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each Defendant to the best of his ability, clarify what constitutional right he believes each Defendant has violated, and support each claim with factual allegations about each Defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed.R.Civ.P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of the Court shall file the Complaint.
4. Plaintiff's Complaint is **DISMISSED** with leave to amend.
5. Plaintiff shall have until **March 9, 2012,** to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete

1  document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:11-cv-01573-JCM-PAL**, above the words "FIRST AMENDED"in the space for "Case No."

7. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 9th day of February, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE